IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FLORENCE M ROBINS; fka PETERSON, § § Plaintiff, § VS. § § PHH MORTGAGE CORPORATION, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:20-CV-1163 |

## **ORDER**

Pending before the Court is Defendants PHH Mortgage Corporation's ("PHH MC") and Deutsche Bank National Trust Company's ("Deutsche Bank") motion to dismiss Plaintiff Florence M. Robins' ("Robins") complaint (Doc. No. 5). Robins did not file a response to the Defendants' motion. Having considered Robins' complaint, the motion, and the applicable law, the Court GRANTS the Defendants' motion to dismiss.

### I.  **Factual Background**

According to the complaint, in 1987 Robins purchased property at 16814 Stardale Lane, Friendswood, Texas 77546 (the "Property"). (Doc. No. 1-1 at 8–9). Sometime after, Robins married George Peterson,[1] and, in 2003, the couple executed a Texas Home Equity Note secured by the Property. (*Id.*). Ameriquest Mortgage Company was the original lender on the loan, but the note and deed of trust were subsequently assigned to Defendant Deutsche Bank. (*Id.* at 9). PHH MC is the current mortgage servicer of the loan. (*Id.* at 7). In 2009, Robins and Peterson divorced, and Robins was awarded the Property. (*Id.* at 9).

---

[1] At different points in Plaintiff's complaint, George Peterson is also referred to as "Charles Peterson," "Mr. Patterson," and "George Patterson." Other filings use "George Peterson" exclusively, so the Court will assume that is the correct name.

Robins pleaded that, despite the agreed judgment in the divorce awarding her the Property, Peterson was the only individual listed on the Note and Deed of Trust. (*Id.*). Robins attempted to rectify this at various times by contacting Deutsche Bank, but was told that the Bank would require authorization from Mr. Peterson. (*Id.*). In 2017, the Property suffered severe damage from Hurricane Harvey and Robins temporarily moved out. (*Id.* at 9–10). Thereafter, OCWEN[2] offered Robins a six-month forbearance on the note, but Robins was unable to refinance the note. (*Id.* at 10). When Robins attempted to return to the Property in December of 2018, she found that OCWEN had changed the locks. (*Id.*).

In November of 2018, Deutsche Bank filed a quiet title action against Robins and Peterson, which was resolved in June of 2019 with an order that the deed of trust "shall be construed as if it contains Florence [Robins'] affixed original signature and acknowledgement since June 26, 2003." (*Id.* at 10–11, 22). Robins pleaded that she was unaware of this proceeding when it took place. (*Id.* at 11). In January of 2019, Deutsche Bank filed an action for non-judicial foreclosure on the property, and, in December of 2019, the court authorized such foreclosure. (*Id.* at 11, 24). Robins pleaded that she "was not properly Noticed" of this action either. (*Id.* at 11).

Defendant Deutsche Bank listed the Property for a non-judicial foreclosure sale to take place on March 3, 2020. (*Id.* at 12, 20). Robins filed her Original Verified Petition in Texas state court in Harris County on March 2, 2020 contesting the foreclosure. (*Id.* at 4). The Defendants then removed the case to this Court pleading both federal question and diversity jurisdiction (Doc. No. 1). The Defendants filed a motion to dismiss on April 22, 2020 (Doc. No. 5), which is the subject of this order. Robins did not file a response to the Defendants' motion.

---

[2] Though not a party in this case, OCWEN is apparently the parent company of PHH MC, the loan servicer, and the Plaintiff's complaint seems to use the two names interchangeably. To be consistent with the complaint's factual allegations, the Court will use "OCWEN" when relating the factual background.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within 21 days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case passed long ago. Therefore, the local rules would allow the Court to grant Defendants' motion as it should be considered unopposed. However, the Fifth Circuit has explained that, although it "has recognized the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition,'" it has not "'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)). A motion to dismiss under Rule 12(b)(6) is such a dispositive motion; consequently, the Court will consider the merits of Defendants' motion.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for

relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.     Analysis

Robins asserts claims against PHH MC and Deutsche Bank for: (1) declaratory judgment; (2) violations of the Real Estate Settlement Procedures Act (RESPA); and (3) violations of the Texas Debt Collection Act (TDCA). (*See* Doc. No. 1-1 at 8–11). PHH MC and Deutsche Bank seek dismissal of each claim with prejudice under Rule 12(b)(6). (Doc. No. 5).

**A.     Declaratory Judgment**

Robins seeks a declaratory judgment that "the Home Equity Deed of Trust is void, and no longer enforceable" on statute of limitations grounds. (Doc. No. 1-1 at 13). Under Texas law, a "person must bring suit for . . . the foreclosure of a real property lien not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). Normally, a cause of action for foreclosure accrues on the maturity date of the note, *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 203 (5th Cir. 2018), but when the deed of trust includes an optional acceleration clause, "'the action accrues . . . when the holder actually exercises its option to accelerate.'" *Id.* (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). If the mortgagee fails to foreclose within four years after the cause of action accrues, "the real property lien and the power of sale to enforce the real property lien become void." Tex. Civ. Prac. & Rem. Code § 16.035(d).

Here, Robins has failed to allege either that the maturity date of the note has passed or that the Defendants exercised their option to accelerate more than four years before she filed her complaint on March 2, 2020. Construing the pleadings liberally, the only actions by Defendants

that Robins pleaded that could be interpreted as accelerating the deed of trust are locking Robins out of the Property, filing a quiet title action, and filing for foreclosure. (Doc. No. 1-1 at 10–11). By the very allegations in the complaint itself, the earliest any of these could have occurred is 2017 after Robins left the Property due to damage after Hurricane Harvey. (*Id.* at 9–10). Further, it seems that Robins herself defeats her claim that the limitations period has run by stating: "the debt secured [under the deed of trust] was fully accelerated and matured on or about 2019." (*Id.* at 13). If Defendants accelerated the debt in 2019, then four years have certainly not passed.

Moreover, even in Defendants had taken action to accelerate the debt in 2016 or earlier, Robins' argument would still fail because she pleaded facts showing that Defendants abandoned acceleration. Under Texas law, "acceleration may be abandoned, either by the lender's unilateral actions or by agreement, thereby suspending the limitations period until the lender exercises its option to re-accelerate the note." *Jatera Corp. v. US Bank Nat'l Ass'n as Tr. for Registered Holders of Citigroup Mortg. Loan Tr.*, 917 F.3d 831, 835 (5th Cir. 2019). A request for payment of less than the full obligation is an unequivocal expression of the lender's intent to abandon acceleration. *Id.* Here, Robins pleaded that, sometime in 2017, Defendants offered her a six-month forbearance of the deed of trust. (Doc. No. 1-1 at 10). Such a forbearance constitutes a request for payment of less than the full obligation, thus abandoning the acceleration. *See Stewart v. U.S. Bank Nat. Ass'n*, 107 F. Supp. 3d 705, 709 (S.D. Tex. 2015) (holding that a forbearance agreement abandoned acceleration). Accordingly, the statute of limitations has not run on enforcement of the deed of trust, the deed of trust is still valid and enforceable, and the Court cannot grant relief on this alleged cause of action. Therefore, it grants the Defendants' motion to dismiss as to Robins' declaratory judgment claim.

B.  **Violations of RESPA**

Robins pleaded that the Defendants violated RESPA and its corresponding rule, Regulation X. (Doc. No. 1-1 at 14). As a threshold matter, Defendants are correct in pointing out that only loan servicers and not mortgagees can be held liable under RESPA and Regulation X. (Doc. No. 5 at 20). The Fifth Circuit has explained that "the text [of RESPA and Regulation X] squarely settles the issue" that both the act and the regulation "impose[] duties only on servicers." *Christiana Tr. v. Riddle*, 911 F.3d 799, 804 (5th Cir. 2018). The precedent is clear. Robins' claims under RESPA and Regulation X against Deutsche Bank, her mortgagee, must fail as a matter of law. *See id.* The Court will address the claims against PHH MC, the loan servicer.

Robins pleaded generally that the "acts, conduct or omissions of Defendant . . . described herein . . . constitute violations of [RESPA]" and asserted her private right of action under 12 U.S.C. § 2605(f). (Doc. No. 1-1 at 14). Section 2605 imposes on loan servicers various notice requirements relevant at different steps in the loan process. 12 U.S.C. § 2605. For example, some notices are required at the inception of the loan and others are required if the servicer assigns the loan. *Id.* at § 2605 (a)–(d). The only provision in § 2605 that would be relevant to Robins' pleaded allegations would be subsection (e), which imposes on loan servicers a duty to respond to borrower inquiries. *Id.* at § 2605 (e). To trigger the duty under subsection (e), however, the borrower must make a "qualified written request" (QWR) to the loan servicer for information relating to the servicing of the loan. *Id.*; *see also Matter of Parker*, 655 F. App'x 993, 997 (5th Cir. 2016) (clarifying that a QWR is a prerequisite to relief under § 2605 (e) of RESPA). Here, Robins failed to plead that she made a QWR that would trigger PHH MC's duties under RESPA.

Robins also pleaded that PHH MC violated Regulation X, which is a regulation that implements RESPA and provides for "loss mitigation procedures." 12 C.F.R. § 1024.41. The

6

duties imposed on the servicer in Regulation X, however, are dependent upon the borrower submitting a "complete loss mitigation application" to the servicer. *Id.* at § 1024.41 (b); *see also Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1184 (S.D. Fla. 2015), aff'd, 839 F.3d 1003 (11th Cir. 2016) ("[T]he language of 12 C.F.R. § 1024.41 imposes duties upon a servicer when it receives a 'complete' or 'facially complete' application."). Robins did not plead that she submitted such an application to PHH MC.

In addition to failing to plead the prerequisites to relief in RESPA and Regulation X, Robins wholly failed to allege any specific violation of either. Merely stating that the Defendants violated the statute and rule is not sufficient to state a claim. *See Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 999 (S.D. Tex. 2011) (conclusory allegations not linked to identified provisions of RESPA nor supported by factual allegations did not meet the pleading standard). Accordingly, the Court grants the Defendants' motion to dismiss Robins' claims under RESPA and Regulation X.[3]

## C. Violations of the TDCA

"To maintain a cause of action under the TDCA, a plaintiff must show that: (1) the defendant is a debt collector; (2) the defendant committed a wrongful act in violation of the TDCA; (3) the wrongful act was committed against the plaintiff; and (4) the plaintiff was injured as a result of the defendant's wrongful act." *Seeberger Bank of Am., N.A. Ventures Tr. 2013 I.H.R. v. Seeberger*, No. EP-14-CV-366-KC, 2015 WL 9200878, at *12 (W.D. Tex. Dec. 16, 2015). Subchapter D of the TDCA provides a laundry list of activities that constitute violations. Tex. Fin.

---

[3] Moreover, to state a claim under RESPA or Regulation X, a plaintiff must plead actual damages. *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation."). While Robins stated generally that the Defendants' "statutory violations are a producing cause of the actual damages sustained" by her, she did not plead specifically what damage she has suffered from any violation. This is an independent ground to dismiss the RESPA and Regulation X violations.

7

Code §§ 392.301–07. Specifically, Robins alleged violations under § 392.301(a)(7), § 392.301(a)(8), § 392.304(a)(8), and § 392.304(a)(19). (Doc. No. 1-1 at 15–16). Section 392.301 prohibits a debt collector from using "threats, coercion, or attempts to coerce that employ any of the following practices: . . . (7) threatening that the nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings; or (8) threatening to take action prohibited by law." Tex. Fin. Code § 392.301(a)(7), (8). Robins did not identify any threats made by the Defendants, but instead simply quoted the statutory language from the TDCA. Without a specific allegation of a threat, Robins has failed to state a claim under §§ 392.301(a)(7) or (8).

Robins also pleaded that the Defendants violated § 392.304, which prohibits a debt collector from using a "fraudulent, deceptive, or misleading representation that employs the following practices: . . . (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's status in a judicial or governmental proceeding; . . . (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(8), (19). She pleaded that a Defendant (without identifying which Defendant) made misrepresentations by "failing or attempting to enforce an invalid lien and debt that was not granted by the title property owner, . . . declaring a default for an amount far less than the amount paid, . . . and subsequently accelerating [Robins'] Loan and posting [the Property] for foreclosure." (Doc. No. 1-1 at 15). These pleadings are insufficient to state a claim under the TDCA. "To violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015). None of the above alleged misrepresentations

identify any affirmative statement made by the Defendants to Robins. Consequently, Robins fails to state a claim under §§ 392.304(a)(8) or (19).

## IV. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendants PHH Mortgage Corporation's and Deutsche Bank National Trust Company's motion to dismiss (Doc. No. 5). All of Plaintiff Florence M. Robins' claims are hereby **DISMISSED**.

Signed at Houston, Texas, this 18th day of September, 2020.

Andrew S. Hanen
United States District Judge